UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY REINBOLD, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>AGCO CORPORATION )<br> )<br>    Defendant. ) | No. 4:21-cv-01154-SEP |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand the case to the Circuit Court of St. Louis County. Doc. 11. For the reasons set forth below, the Motion is denied.

### BACKGROUND

On August 24, 2021, Plaintiff filed this action against AGCO in the Circuit Court of St. Louis County, Missouri. Doc. 1 ¶ 1. Plaintiff alleges that he purchased a new Massey Ferguson 4710 Tractor, manufactured and warrantied by Defendant, for $62,775.42. Doc. 2 ¶¶ 7-8. Plaintiff alleges that the tractor malfunctioned on numerous occasions, requiring at least seven attempted repairs. *Id.* ¶ 13. Due to the alleged inadequacy of those repair attempts, the Complaint brings two counts: (1) violation of the Missouri Farm Machinery Lemon Law, RSMo. § 407.585 et seq., and (2) violation of the Missouri Uniform Commercial Code. *Id.* at 3-4. Plaintiff seeks damages in the amount of the "full purchase price" of the tractor, "including all reasonably incurred collateral charges" and "costs, including expert witness fees and reasonable attorney's fees." *Id.* ¶ 26.

Defendant removed this action under 28 U.S.C. §§ 1441 and 1446 on September 24, 2021, asserting that this Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Doc. 1 ¶ 3. Plaintiff opposes removal on the basis that Defendant has not shown that the amount in controversy exceeds § 1332(a)'s $75,000 threshold. The crux of the dispute is whether attorneys' fees should be included in the jurisdictional amount calculation.

1

**LEGAL STANDARD**

Any action brought in state court over which the United States district courts have original jurisdiction may be removed to the district court in the jurisdiction where the action is pending. 28 U.S.C. § 1441(a). District courts have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Federal courts should resolve all doubts about federal jurisdiction in favor of remand and should strictly construe removal statutes. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). When a removing defendant's allegations are challenged by the plaintiff, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). The defendant has the burden to establish "'not whether the damages sought *are* greater than the requisite amount, but whether a fact find *might* legally conclude that they are.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (emphasis in original)).

**DISCUSSION**

The primary dispute at this stage is over the amount in controversy. On its face, the Complaint expressly seeks $62,775.42. Doc. 2 ¶¶ 8, 26(A) (the "full purchase price" of the tractor). The Complaint also seeks "collateral charges," which Defendant claims amount to $7,381.58.[1] Doc. 1-2 at 1. Accordingly, the total cost of the tractor is $70,157, which is $4,843.01 short of the threshold for federal diversity jurisdiction. Defendant argues that the difference is satisfied by Plaintiff's claim for statutory attorneys' fees under the Lemon Law, which Defendant suggests "are highly likely to exceed $4,843.01." Doc. 1 ¶¶ 10-11. Moreover, Plaintiff seeks "incidental and consequential damages," which Defendant claims would increase the amount in controversy even more. *Id.* at 4, n.1.

---

[1] This amount includes $7,064.58 in finance charges and $317 in "other charges."

2

Plaintiff does not dispute that he would be entitled to attorneys' fees if he were to succeed on his claim, but instead argues that, for the purpose of calculating the jurisdictional amount in controversy, the Court may consider only attorneys' fees that have accrued as of the date of removal. Doc. 12 at 3 (citing *Austin v. Harris-Stowe State Univ.*, No. 4:21-cv-00012, 2021 WL 2313404, at *3 (E.D. Mo. June 7, 2021)). Plaintiff argues that Defendant has failed to present any evidence regarding attorneys' fees that have accrued as of the date of removal. Doc. 12 at 3. Plaintiff submitted an affidavit from his counsel, which states that as of the date Plaintiff's Motion to Remand was filed, the total amount of attorneys' fees had not exceeded $4,840. Doc. 12-1.

Plaintiff's Motion thus raises two issues: (1) whether future attorneys' fees that will plausibly result from litigating the case can be included in calculating the jurisdictional threshold, and (2) if so, whether Defendant has provided sufficient evidence that Plaintiff's attorneys' fees in this case will plausibly exceed $4,843.01.

There is little doubt that attorneys' fees themselves are part of the amount-in-controversy calculation. *See Peterson v. The Travelers Indemnity Co.*, 867 F.3d 992, 995 (8th Cir. 2017); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). But "[t]here is a circuit-split as to whether attorney's fees used in the calculation of the jurisdictional amount include those which might be awarded at the termination of the lawsuit or whether they include only those attorney's fees incurred as of the date the lawsuit was filed." *Harris-Stowe*, 2021 WL 2313404, at *3 (citing *Mak Automation, Inc. v. G.C. Evans Sales & Mfg. Co., Inc.*, 2008 WL 821711, at *5 (E.D. Mo. 2008).

This is not the first time this Court has considered the issue. In *Embry v. T. Marzetti Co.*, No. 4:19-CV-02785-SEP, 2020 WL 5291933, at *2 (E.D. Mo. Sept. 4, 2020), this Court denied a motion to remand based on the same argument as Plaintiff's. This Court recognized that, while "the Eighth Circuit has not engaged in a full discussion of this issue, the Court has not been silent either." *Id.* (citing *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018)). In *Faltermeier*, the Eighth Circuit concluded that the jurisdictional threshold for CAFA had been met where "it was more likely than not that attorneys' fees could exceed $1.4 million, considering the expected length of the litigation, the risk and complexity involved in prosecuting class actions, and the hourly rates charged." *Id.* In light of the *Faltermeier* decision, which suggests that future attorneys'

3

fees should be included in the amount-in-controversy calculation, this Court found that Embry's argument failed. *Id.  See also Embry v. Ventura Foods, LLC*, No. 4:19-CV-02773-SNLJ, 2020 WL 3077058, at *3 (E.D. Mo. June 10, 2020) (finding "that an ultimate award of attorneys' fee may be counted in calculating the jurisdictional threshold") (citing *Faltermeier*, 899 F.3d at 622).  The Eighth Circuit's position on this issue has not changed; therefore, neither has this Court's.

Plaintiff next argues that Defendant has not provided sufficient evidence to satisfy its burden of showing that the amount in controversy has been met.  Doc. 12 at 4.  Because Plaintiff challenges Defendant's jurisdictional allegations, the Court must decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88.  The defendant need not show whether the amount is in fact greater than the required amount, but whether a fact finder *might* conclude so. *Pirozzi*, 938 F.3d at 984.  "The Defendant's burden is a pleading requirement, not a demand for proof." *Harris-Stowe*, 2021 WL 2313404, at *2 (citing *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)).  And if a defendant shows that the plaintiff's damages plausibly exceed $75,000, the plaintiff must then show that it is legally impossible for them to recover more than $75,000. *Harris-Stowe*, 2021 WL 2313404, at *2 (citing *Joyce v. Wal-Mart Stores East I, L.P.*, 2019 WL320596, at *1 (W.D. Mo. Jan. 24, 2019)).

Defendant claims that Plaintiff's attorneys' fees are highly likely to exceed the necessary $4,843.01.  Doc. 1 ¶ 11.  Defendant argues that it is reasonable to estimate an attorney's fee based on a 25% contingency fee. *Id.* (citing *Harris v. TransAmerica Life Ins. Co.*, 2014 WL 1316245, at *2 (E.D. Mo. Apr. 2, 2014)).  The Court agrees. *See Pickett v. Mass. Mutual Life Ins. Co.*, 2021 WL 4504427, at * 3 (E.D. Mo. Oct. 1, 2021) ("Courts have repeatedly found that it is reasonable to estimate attorney's fees based on a 25% contingency fee when calculating the amount in controversy.") (compiling cases).  Twenty-five percent of Plaintiff's claimed damages amounts to $17,539, which would bring Plaintiff's total damages to $87,696.  That is more than enough to meet the threshold for federal diversity jurisdiction.  Moreover, Plaintiff also claims "incidental and consequential damages," which have not even been factored into that calculation.  Doc. 2 at 5.  Finally, according to Plaintiff's own Motion, Plaintiff's attorney has previously been awarded fees at the rate of $300 and $395 per hour.  Doc. 12 at 4.  To exceed the necessary

4

$4,843.01, Plaintiff's counsel would need to work only 12-16 hours. Even leaving aside the hours that Plaintiff's counsel has already worked, it is certainly plausible that counsel will work more than a dozen hours if this case proceeds to trial. As a result, in order to obtain remand, Plaintiff has to show that it is legally impossible for him to exceed $75,000 in damages, which he has not done.

## Conclusion

The Court concludes that future attorneys' fees may be included in the jurisdictional calculation and that Defendant has sufficiently pleaded facts establishing that the amount in controversy exceeds $75,000. Plaintiff's arguments that the case should be remanded to the Circuit Court of St. Louis County therefore fail.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. 11, is **DENIED**.

Dated this 12th day of November, 2021.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE