UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY REINBOLD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:21-CV-01154-SEP |
| | ) |
| AGCO CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Gary Reinbold's Motion to Certify Order for Interlocutory Appeal. Doc. 15. Plaintiff requests that the Court certify its previous Order, Doc. 14, for immediate appeal because, according to Plaintiff, the decision involved a controlling question of law, and an appeal to the Eighth Circuit would materially advance the ultimate resolution of this case. *Id.* at 1. For the reasons set forth below, the Motion is denied.

### FACTS AND BACKGROUND

On August 24, 2021, Plaintiff filed this action against AGCO in the Circuit Court of St. Louis County, Missouri. Doc. 1 ¶ 1. Plaintiff alleges that he purchased a new Massey Ferguson 4710 Tractor, manufactured and warrantied by Defendant, for $62,775.42. Doc. 2 ¶¶ 7-8. Plaintiff alleges that the tractor malfunctioned on numerous occasions, requiring at least seven attempted repairs. *Id.* ¶ 13. Due to the alleged inadequacy of those repairs, the Complaint brings two counts: (1) violation of the Missouri Farm Machinery Lemon Law, RSMo. § 407.585 et seq., and (2) violation of the Missouri Uniform Commercial Code. *Id.* at 3-4. Plaintiff seeks damages in the amount of the "full purchase price" of the tractor, "including all reasonably incurred collateral charges" and "costs, including expert witness fees and reasonable attorney's fees." *Id.* ¶ 26.

1

Defendant removed this action under 28 U.S.C. §§ 1441 and 1446 on September 24, 2021, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1 ¶ 3. Plaintiff opposed removal on the basis that Defendant had not shown that the amount in controversy exceeded § 1332(a)'s $75,000 threshold. Doc. 11. The crux of the dispute was whether attorneys' fees should be included in the jurisdictional amount calculation. Doc. 12 at 3. On November 16, 2021, the Court denied Plaintiff's Motion to Remand, concluding that future statutorily-awarded attorneys' fees could be used to calculate whether the amount in controversy satisfies 28 U.S.C. § 1332(a)'s $75,000 threshold. Doc. 14 at 5.

Plaintiff now requests that the Court grant him leave to file for immediate, interlocutory appeal to the Eighth Circuit. Doc. 15 at 1. He argues that immediate appeal is warranted because the Court relied on language from the Eighth Circuit's decision in *Faltermeier v. FCA US, LLC*, 899 F.3d 617, 622 (8th Cir. 2018), which he claims was dicta and at odds with the Eighth Circuit's statement in *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Doc. 15 at 3. Plaintiff also argues that there is substantial ground for disagreement in that two other courts in this district have reached the opposite conclusion of this Court. *Id.* (citing *Austin v. Harris-Stowe State Univ.*, 2021 WL 2312404, at *3 (E.D. Mo. June 7, 2021); *Rosenbloom v. Jet's Am., Inc.*, 277 F. Supp. 3d 1072, 1075 (E.D. Mo. 2017)).

LEGAL STANDARD

The Court's previous Order is neither a final decision under 28 U.S.C. § 1291 nor an order for which Congress has specifically authorized interlocutory appeal. *See* 28 U.S.C. § 1292(a). Therefore, in order for Plaintiff to file his application for interlocutory appeal with the Eighth Circuit, this Court must certify the Order for appeal under 28 U.S.C. § 1292(b). The Court may do so if:

(1) the Order concerns a "controlling question of law";

(2) there is "substantial ground for difference of opinion"; and

(3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

2

28 U.S.C. § 1292(b); *see Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). But "[a] motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Appeal may be warranted, for example when it would "avoid protracted and expensive litigation, as in antitrust and similar protracted cases." *Id.*

## DISCUSSION

### I. The Order does concern a controlling question of law.

"Federal courts are courts of limited jurisdiction and a lack of federal subject matter jurisdiction cannot be waived." *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998). For that reason, there is no doubt that the Order—which found that subject matter jurisdiction existed based on the presently disputed issue of future attorneys' fees—involved a controlling question of law. But, for the reasons that follow, Plaintiff fails to meet his heavy burden of demonstrating that this is an exceptional case in which immediate appeal is necessary.

### II. There are no substantial grounds for a difference of opinion.

Plaintiff argues that there are substantial grounds for difference of opinion as to whether future attorneys' fees should be included in the jurisdictional calculation because the Eighth Circuit has not conclusively resolved the matter, other circuits are split on the issue, and other courts in this district have drawn the opposite conclusion of this Court. Doc. 15 at 2-3. Contrary to Plaintiff's assertions, the Eighth Circuit has provided clear guidance on this issue, the district courts cited by Plaintiff did not reach the opposite conclusion of this Court, and consequently, any split among the other circuits is irrelevant.

Plaintiff first argues that this Court relied on *dicta* from the Eighth Circuit's decision in *Faltermeier*, in reaching its decision that future attorneys' fees were fairly calculable to ascertain the jurisdictional amount in controversy. Doc. 15 at 3; *see* 899 F.3d at 622. Moreover, according to Plaintiff, *Faltermeier* "is at odds with the same court's statement that "[i]t is axiomatic that the court's jurisdiction is measured . . .

3

at the time of removal." *Id.* (citing *Schubert*, 649 F.3d at 822). The Court disagrees on both counts.

### A. *The relevant language from* Faltermeier *is not dicta.*

"Dicta is a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." *Sanzone v. Mercy Health*, 954 F.3d 1031, 1039 (8th Cir. 2020) (cleaned up and quotation marks omitted) (quoting *Passmore v. Astrue*, 533 F.3d 658, 661 (8th Cir. 2008)). In *Faltermeier*, the district court denied a motion to remand a class action lawsuit, ruling that "*potential* attorneys' fees, which it found could well exceed $1,400,000," pushed the $3,605,010 proposed measurement of damages over the $5,000,000 threshold required by CAFA.[1] 899 F.3d at 620 (emphasis added). The Eighth Circuit reviewed the finding of jurisdictional facts for clear error, but reviewed the denial of the motion itself *de novo*. *Id.* at 620-21. The Eighth Circuit found that the district court's factual finding—"that it was more likely than not that attorneys' fees could exceed $1.4 million, considering the expected length of the litigation, the risk and complexity involved in prosecuting class actions, and the hourly rates charged"—was not clearly erroneous. *Id.* at 622.

Although the affirmance of that factual finding was necessary to the court's holding, it was not sufficient. To uphold the district court's decision, it was also necessary for the Eighth Circuit to decide whether it was correct to include future attorneys' fees in the calculation as a matter of law. *Id.* at 620. The Eighth Circuit held that "[t]he district court *properly included in the jurisdictional amount the attorneys' fees that may be awarded*," and, based on the district court's calculation that "the sum of damages and attorneys' fees would exceed $5,000,000," jurisdiction was proper under CAFA. *Id.* at 622 (emphasis added). Without the Eighth Circuit's confirmation that future attorneys' fees were appropriately considered in the amount-in-controversy calculation, the district court's decision would have been reversed, as without those fees, the amount in controversy would not have reached CAFA's

---

[1] Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*

4

threshold. *Id.* at 620. Therefore, the language from *Faltermeier* on which this Court relied cannot be considered "unnecessary to the decision in the case." *Sanzone*, 954 F.3d at 1039.

B. Schubert *does not contradict* Faltermeier.

*Schubert* says nothing about whether future attorneys' fees should be included in the amount-in-controversy calculation. *See* Doc. 15 at 3 (citing *Schubert*, 649 F.3d at 817). In fact, that opinion makes no mention of attorneys' fees at all. In *Schubert*, the Eighth Circuit, *sua sponte*, examined whether they had subject matter jurisdiction to hear the case, specifically addressing the amount-in-controversy element. *Id.* at 821. The issue was "whether Schubert's vexatious refusal to pay claim was sufficient to bridge the value gap" between the $62,250 in damages alleged in his breach of contract claim and the $75,000 threshold. *Id.* Plaintiff is correct that the Eighth Circuit stated "[i]t is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Id.* at 822 (citations omitted). But Plaintiff neglected to include the Eighth Circuit's subsequent discussion: "The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not . . . oust the jurisdiction. . . . Subsequent events may . . . be relevant to prove the existence or nonexistence of diversity jurisdiction[.]" *Id.* at 822-23 (quotation marks and citations omitted). The Eighth Circuit ultimately determined that jurisdiction was proper, although the basis for that finding is irrelevant to the instant case. *Id.* at 826.

Contrary to Plaintiff's assertion, then, *Faltermeier*—which came seven years *after Schubert*—is not inconsistent with *Schubert*.[2] The dicta that Plaintiff relies on from *Schubert* merely states that a court should measure the amount in controversy at the time of removal. 649 F.3d at 822. *Faltermeier* held that future attorneys' fees, if reasonably calculated, may be included in that measurement. 899 F.3d at 621-22. Moreover, *Faltermeier* so concluded even though the plaintiff had attempted to defeat

---

[2] Even if *Faltermeier* conflicted with *Schubert*, the Court is bound by *Faltermeier*, as it is the more recently decided case.

jurisdiction by stipulating to a cap on attorneys' fees that would have kept the amount in controversy below the threshold. *Id.* at 620-22.

In the instant case, this Court measured the amount in controversy at the time of Defendant's removal. Doc. 11 at 4-5. After thoroughly reviewing Defendant's claims that Plaintiff's attorney's fees were likely to exceed $4,843.01 and noting Plaintiff's failure to show that such recovery was legally impossible, the Court concluded that it was plausible that Plaintiff's recovery would exceed $75,000. *Id.* Therefore, the Court complied with both *Schubert* and *Faltermeier*. *See also Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995-96 (8th Cir. 2017).[3]

C. *The other cited cases from this district are not to the contrary.*

Contrary to Plaintiff's claims, the other cases cited from this district did not reach the opposite conclusion of this Court. Doc. 15 (citing *Austin*, 2021 WL 2313404, at *3; *Rosenbloom*, 277 F. Supp. 3d at 1075). This Court noted in its prior Order that the analysis involved two parts: "(1) whether future attorneys' fees that will plausibly result from litigating the case can be included in calculating the jurisdictional threshold, and (2) if so, whether Defendant has provided sufficient evidence that Plaintiff's attorneys' fees in this case will plausibly exceed $4,843.01." Doc. 11 at 3. Neither *Rosenbloom* nor *Austin* reached the first part of that analysis, because they found that the defendant had failed on the second.

In *Rosenbloom*, the court found the defendant's argument "unavailing" because it offered "nothing but speculation and unsupported allegations that, because the MMPA provides for . . . attorney's fees to the prevailing party, the total amount of damages would exceed $75,000." 277 F. Supp. 3d at 1075. The court continued:

---

[3] "To satisfy the jurisdictional amount, [Peterson] relies on her request for tort damages, punitive damages, and attorney's fees. . . . 'Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction.' (citing *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766-76 (8th Cir. 2001)). . . . Although [Peterson] does not allege facts showing that her tort or punitive damages or attorney's fees would exceed $75,000, it is not legally impossible that she could recover at least that amount. *See Tripp v. Western Nat. Mut. Ins. Co.*, 664 F.3d 1200, 1202 (8th Cir. 2011) (affirming award of $65,000 in attorney's fees . . . )." *Peterson*, 867 F.3d at 995-96.

6

"Such speculation is insufficient to meet the defendant's burden under the preponderance of the evidence standard." *Id*.

In *Austin*, the court remanded the action based on the defendant's failure to prove the amount of potential attorneys' fees. 2021 WL 2313404, at *3. Instead of proving the plausible amount of attorneys' fees in that case, the defendant expected the court to "assume [from other cases] that Austin's case would yield a similar amount in attorneys' fees after trial without demonstrating that Austin's case is comparable in any meaningful way." *Id*. The court also noted that the defendant "failed to present any argument or authority for its tacit position that the Court should consider potential attorneys' fees awarded after a hypothetical trial of this case." *Id.* (citing *Mak Automation, Inc. v. G.C. Evans Sales & Mfg. Co., Inc.*, 2008 WL 821711, at *5 (E.D. Mo. Mar. 25, 2008) (noting the circuit-split as to whether future attorneys' fees were calculable)).

Unlike *Austin*, Defendant here did provide this Court with argument and authority to support its position that the Court should consider future attorneys' fees. Doc. 11 at 3-5. And unlike either *Austin* or *Rosenbloom*, Defendant also demonstrated, by a preponderance of the evidence, that Plaintiff's attorney's fees were likely to exceed the necessary $4,843.01. Doc. 11 at 4-5. In response, Plaintiff failed to show, as required, that such an outcome was a legal impossibility. Therefore, nothing in *Rosenbloom* nor *Austin* calls the Court's prior Order into question. Further, the Court notes that *Mak Automation*, which observed the circuit-split on this issue, preceded *Faltermeier*, which resolved this issue, by a decade. *Compare Mak Automation*, 2008 WL 821711, at *5 (2008) *with Faltermeier*, 899 F.3d at 617 (2018).

### III. When there is no substantial basis for difference of opinion, certification is improper.

When a "legal issue is not novel, nor is there a substantial basis for difference of opinion, as the law is relatively well settled, it cannot serve as a basis for the district court's certification under section 1292(b)." *S.B.L. ex rel. T.B. v. Evans*, 80 F.3d 307, 312 (8th Cir. 1996) (cleaned up) (citing *Nix*, 43 F.3d at 377 n.3). An issue

7

is well settled if the Eighth Circuit has provided "clear guidance" on the matter. *Id.* Because the Eighth Circuit has provided clear guidance as to whether future attorneys' fees should be included in the amount-in-controversy calculation, interlocutory appeal is not warranted here. *See In re Polaris Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2020 WL 3530624, at *5 (D. Minn. June 30, 2020) (interlocutory appeal unwarranted when Eighth Circuit has provided clear guidance).

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to satisfy the heavy burden of demonstrating that this is an exceptional case in which immediate appeal is necessary. Specifically, Plaintiff has not demonstrated that there are substantial grounds for difference of opinion as to the disputed question of law, as required for certification under 28 U.S.C. § 1292(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Certify Order for Interlocutory Appeal is **DENIED**.

Dated this 22nd day of December, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

8